IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AIRRIS JAMES HINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:18-CV-448-ECM |
| ) | [WO] |
| OFFICER PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Airris James Hinton, an indigent inmate, filed this 42 U.S.C. § 1983 action in which he challenges conditions at the Lee County Detention Center. Upon review of the complaint, the court issued orders granting Hinton leave to proceed *in forma pauperis* and requiring a response to the complaint from the defendants. Docs. 4 & 5. The Clerk mailed a copy of each order to the plaintiff at the last address he provided for service.[1] The postal service returned these orders as undeliverable. Based on the returned mail, the court entered an order requiring Hinton to inform the court of his current address on or before August 27, 2018. Doc. 11 at 1. The order specifically advised Hinton that this case could not properly proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 11 at 2. As of the present date, the court has received no response from Hinton to the aforementioned order nor has he provided the court with his current address as is

---
[1] The last address provided to the court by Hinton is the Lee County Detention Center.

necessary to proceed before this court. Under these circumstances, the court finds that dismissal of this case is warranted.

In accordance with applicable case law, the court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Hinton is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. It likewise appears that since his release from the Lee County Detention Facility Hinton is no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Hinton's whereabouts are unknown.

Accordingly, the court concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of

cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 14, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of August, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE